## CIRCUIT COURT OF BALTIMORE CITY

Filed October 29, 1888.

PUE VS. THOMAS.

*John H. Preston* for Miss Ellen M. Thomas.

*John H. Preston* for Henry M. Thomas.

*Chew Shelby* for himself.

*John P. Poe* for Albert N. Horner.

**DENNIS, J.—**

There can be no doubt that the deed of assignment of $400 of his income by the defendant, Thomas, to Ellen M. Thomas, is, upon the face, valid. It professes to be in consideration of the sum of one dollar and other good and sufficient considerations. Even a wholly voluntary deed is good, as against all subsequent creditors, unless there is fraud in fact shown, of which there is no proof whatever in this case. It is contended, however, that the real consideration for the deed, as shown by the evidence, was the agreement on the part of the assignee to support and maintain the assignor during his life and thus a trust has been established, as to this income in favor of the assignee, and it is, therefore, liable to be applied in payment of his debts.

If the contract had been a transfer to the assignee of the income of the assignor *to be applied* to the latter's maintenance and support, under which the beneficial interest would still have remained wholly in the assignor, this contention would be sound. (Although, see Smith vs. Powers, Maryland Law Journal, August 22, 1888.)

But the proof does not support this view of the case. Here the transfer of income to the assignee was absolute. The assignor reserved no interest in or control over it whatever, and could not call upon the assignee for an account as to its expenditure; it belonged to the assignee wholly, and the obligation of the assignee to support and maintain the assignor in consideration of this transfer of income was also absolute. It was in no way dependent upon the amount of the income; but was equally imperative whether the income had augmented or had wholly ceased. It was the contract to support which was the consideration for the deed; and the case is thus wholly different from one where the beneficial interest in the subject matter of the transfer is still retained by the assignor. I am of opinion, therefore, that the claim of Ellen M. Thomas to the $400 of income is valid; and that the remainder of the income is liable to the claims of Messrs. Snelby and Horner in the order of their several assignments made to them.